IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LAMISS INVESTMENTS, LLC, MITCH RICHARD,
DONALD ALLEN, HARRIET ALLEN HENRY,
STEVEN CAMPO, AND
LONNIE SHANNON MELTON                                          PLAINTIFFS

V.                                                             CAUSE NO. 5:24-cv-00111-DCN-BWR

JEFFREY KELLER, KYLE W. FELLING,
TIMOTHY THOMPSON, BRIAN NEARN,
BRICO, INC., AND PROBYSCI, LLC                                 DEFENDANTS

**AMENDED COMPLAINT**

COME NOW, LAMISS INVESTMENTS, LLC, Mitch Richard, Donald Allen, Harriett Allen Henry, Steven Campo, Lonnie Shannon Melton, and for their Amended Complaint against Jeffrey Keller, Kyle W. Felling, Timothy Thompson, Ben Nearn, Brico Inc. and Probysci, LLC, and presents the following:

**I. PARTIES**

1.1   LAMISS Investments, LLC is a Mississippi limited liability company doing business in Mississippi. The members of LAMISS are Mitch Richard, Donald Allen, Harriet Allen Henry, Steven Campo and Lonnie Shannon Melton who's citizenship is listed below.

1.2   Mitch Richard is an adult resident citizen of Louisiana.

1.3   Donald Allen is an adult resident citizen of Louisiana.

1.4   Harriet Allen Henry is an adult resident citizen of Adams County, Mississippi.

1.5   Steven Campo is an adult resident citizen of Louisiana.

1.6   Lonnie Shannon Melton is an adult resident citizen of Louisiana.

1.7     Jeffrey Keller is an adult resident citizen of Louisiana and may be served with process at 6324 Morgan Bend Dr., Baton Rouge, LA 70820 or wherever he may be found.

1.8     Kyle W. Felling is an adult resident citizen of Arkansas and may be served with process at 7 Cassiddy Cv, Greenbrier, AR 77058 or wherever he may be found.

1.9     Timothy Thompson is an adult resident citizen of Louisiana and may be served with process at 567 South Hollywood Rd. Houma, LA 70360 or wherever he may be found.

1.10    Brian Nearn is an adult resident citizen of Tennessee and may be served with process at 2 W.G.E. Patterson Ave. # 101, Memphis, TN 38103 or wherever he may be found.

1.11    Brico Inc. is a Louisiana Corporation doing business in Mississippi and may be served by service of process on Jeffrey Keller at 6324 Morgan Bend Dr., Baton Rouge, LA 70820 or wherever he may be found.

1.12    Probysci, LLC is a Louisiana Limited Liability Company which had done business in Mississippi and may be served with process by service on Jeffrey Keller at 6324 Morgan Bend Dr., Baton Rouge, LA 70820 or wherever he may be found.

## II.  Jurisdiction and Venue

2.1     This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. section 1331 federal question jurisdiction based upon the 1934 Federal Securities Act.  The court has personal jurisdiction over the parties, and this Court is a proper venue for this case under 28 U.S.C. section 1391, because the facts and circumstances which give rise to the causes of action in this case arose in whole or in part in Natchez, Mississippi and because the Defendants each actively participated in conducting business in Mississippi.

## III. Facts

3.1   In April 2022, Thompson created Rapid.  It was created to engage in the business of testing cannabis under the Mississippi Cannabis Act ("the Mississippi Act").  He recruited Keller and Felling, as the two primary individuals to join him as members of Rapid.  They had each been involved in the Cannabis business in other states and had the knowledge necessary to set up and operate a cannabis testing facility.  Keller and Felling became members of Rapid and began setting up the testing facility.  Thompson, Keller, and Felling were members in Rapid and Thompson was originally the Manager of the company.  Rapid's lab and principal operation was set up and operated in Natchez, Mississippi.

3.2   Rapid's testing facility was completed and the business began operations. Thompson, Keller, Felling, and Nearn solicited the investment of the Plaintiffs in Rapid. Defendants were told, and  were aware, that each of the Plaintiffs were new to the cannabis business and had no experience in the business in Mississippi or otherwise.  Thompson, Keller, Felling, and Nearn represented to Plaintiffs that they were fully knowledgeable of the Mississippi Act and the regulations applicable to Rapid's testing facility, that the lab and all testing procedures were set up and operating in accordance with the the Mississippi Act and regulations including, but no limited to proper and Standard Operating Procedures and protocols ("SOPs"). They further made clear that based upon their experience they could be relied upon for their knowledge in the industry.  The scientists had set up cannabis testing labs in other states and were well experienced and capable of setting up the Rapid lab, and had done so.  In order to lure Plaintiffs into investing their money in Rapid, Thompson, Keller, Felling and Nearn assured the Plaintiffs that Rapid's testing facility was set up by professionals, and scientists, and that the lab, including all SOPs were in full compliance with the Mississippi Act.  These Defendants also

represented that Rapid's business was successful and ready to grow with Rapid enjoying a market share of more than 70% of the Mississippi Cannabis testing market.

3.3   Thompson, Keller, Felling, and Nearn were aware that each of the Plaintiffs were relying on their representations when investing. These Defendants were also aware that either they were unfamiliar with the Mississippi Act or that the testing and other SOPs and protocols being employed by Rapid were not compliant with the Mississippi Act. Accordingly, they knew that the representations made by them to the Plaintiffs were false when made and they made the representations with knowledge of their falsity or with a complete and total regard for such falsity. Defendants lured Plaintiffs into investing in Rapid based upon the Defendants best interest and in disregard for the interest and rights of Plaintiffs.

3.4   In October 2023 the Plaintiffs, in full reliance on the representations of Thompson, Keller, Felling, and Nearn, invested $1,900,000 in Rapid. The money was initially placed into LAMISS which was created to purchase a majority interest in Rapid from Keller's entities, Brico and Probysci. The lab continued to operate as set up by Defendants. From October until December 23, 2023, the lab continued to operate in accordance with the SOPs and all protocols as set up by Defendants.

3.5   On or about December 23, 2023, the Mississippi State Department of Health came into Rapid's facility and issued a cease and desist letter citing a confidential source and alleging that Rapid's standard operating procedures and testing practices were not in compliance with the Mississippi Act creating the risk of the presence of pesticides in products to be released into the market. This was a shock to Plaintiffs. Defendants assured Plaintiffs that the lab was fully compliant, however, the State ordered Rapid to cease operations and all products in the facility were seized. In addition, all products in the market which had been tested were pulled

from the shelf.  In January 2024, MSDH ordered Rapid shutdown based on findings that Rapid's protocols, SOPs and procedures for testing were out of compliance with the Mississippi Act.

3.6    Rapid worked extensively to appeal the decision of the State.  As the direct result of the false statements and representations made by Defendants to Plaintiffs, Plaintiffs have lost their investment, and all prospective profits expected when they made their investment.

3.7    From March until July 2024, Defendants worked to have Rapid sell its lab to Magnolia Testing, LLC.  At least as of July 2024, Felling has been on site at the lab working with Magnolia to get their lab set up to operate.  These facts make clear that Defendants representations and actions toward Plaintiffs were undertaken from the start with the intent to benefit only Defendants and with complete disregard to the rights of Plaintiffs.

3.8    Plaintiffs would not have invested their money in Rapid but for Defendants' representations to them.

### IV. Causes Of Action

#### A. Federal Securities Fraud under 15 U.S.C. § 78j(b) and 17 C.F. R. § 240.10(b)(5)

4.1    Plaintiffs adopt all allegations above and incorporate them herein by reference.

4.2    Thompson, Keller, Felling, and Nearn lured Plaintiffs to invest in Rapid through misrepresentations to Plaintiffs that they were fully knowledgeable of the Mississippi Act and the regulations applicable to the Rapid testing facility, that the lab and all testing procedures were set up and operating in accordance with the the Mississippi Act and regulations including, but no limited to proper and SOPs.  They further made clear that based upon their experience they could be relied upon for their knowledge in the industry.  The scientists had set up cannabis testing labs in other states and were well experienced and capable of setting up the Rapid lab, and had done so.  In order to lure Plaintiffs into investing their money in Rapid, Thompson, Keller, Felling and

5

Nearn assured the Plaintiffs that Rapid's testing facility was set up by professionals, and scientists, and that the lab, including all SOPs were in full compliance with the Mississippi Act. These Defendants also represented that Rapid's business was successful and ready to grow with Rapid enjoying a market share of more than 70% of the Mississippi Cannabis testing market.

4.3     Thompson, Keller, Felling, and Nearn were aware that each of the Plaintiffs were relying on their representations when investing.  These Defendants were also aware that either they were unfamiliar with the Mississippi Act or that the testing and other SOPs and protocols being employed by Rapid were not compliant with the Mississippi Act.  Accordingly, they knew that the representations made by them to the Plaintiffs were false when made and they made the representations with knowledge of their falsity or with a complete and total regard for such falsity.  Defendants lured Plaintiffs into investing in Rapid based upon the Defendants best interest and in disregard for the interest and rights of Plaintiffs.

4.4     In October 2023 the Plaintiffs, in full reliance on the representations of Thompson, Keller, Felling, and Nearn, invested $2,000,000 in Rapid.  The lab continued to operate as set up by Defendants.  From October until December 23, 2023, the lab continued to operate in accordance with the SOPs and all protocols as set up by Defendants.

4.5     On or about December 23, 2023, the Mississippi State Department of Health (the "MSDH") came into Rapid's facility and issued a cease and desist letter citing a confidential source and alleging that Rapid's standard operating procedures and testing practices were not in compliance with the Mississippi Act creating the risk of the presence of pesticides in products to be released into the market.  This was a shock to Plaintiffs.  Defendants assured Plaintiffs that the lab was fully compliant, however, the State ordered Rapid to cease operations and all products in the facility were seized.  In addition, all products in the market which had been tested were

pulled from the shelf. In January 2024, MSDH ordered Rapid shutdown based on findings that Rapid's protocols, SOPs and procedures for testing were out of compliance with the Mississippi Act.

4.6     Rapid worked extensively to appeal the decision of the State. As the direct result of the false statements and representations made by Defendants to Plaintiffs, Plaintiffs have lost their investment, and all prospective profits expected when they made their investment.

4.7     Plaintiffs reasonably relied upon the representations of Defendants when investing their money in Rapid and are entitled to recover all losses resulting from Defendants misrepresentations. These damages include, but are not limited to loss of their investment, lost profits, prejudgment and post judgment interest, costs and expenses of court, attorney's fees, and punitive damages.

### B. Violation of Mississippi Blue Sky Laws Miss. Code Ann. 75-71-501 et seq.

4.8     Plaintiffs adopt all allegations above and incorporate them herein by reference.

4.9     Defendants made material misrepresentations reasonably relied upon by Plaintiffs as described in paragraphs 3.2 - 3.8 above and Plaintiffs have suffered damages as a result thereof.

4.10    Plaintiffs reasonably relied upon the representations of Defendants when investing their money in Rapid and are entitled to recover all losses resulting from Defendants misrepresentations. These damages include, but are not limited to loss of their investment, lost profits, prejudgment and post judgment interest, costs and expenses of court, attorney's fees, and punitive damages.

### C. Fraud

4.11    Plaintiffs adopt all allegations above and incorporate them herein by reference.

4.12    Defendants made intentional and material misrepresentations to Plaintiffs as described in paragraphs 3.2 - 3.8 above with the intent that Plaintiffs rely upon them and invest in Rapid.  Plaintiffs reasonably relied upon the representations, made the investments and have suffered damages as a result thereof.

4.13    Plaintiffs reasonably relied upon the representations of Defendants when investing their money in Rapid and are entitled to recover all losses resulting from Defendants misrepresentations.  These damages include, but are not limited to loss of their investment, lost profits, prejudgment and post judgment interest, costs and expenses of court, attorney's fees, and punitive damages.

### D.  Negligent Misrepresentation and Gross Negligence

4.14    Plaintiffs adopt all allegations above and incorporate them herein by reference.

4.15    Defendants made negligent and material misrepresentations to Plaintiffs as described in paragraphs 3.2 - 3.8 above with the knowledge that Plaintiffs rely upon them and invest in Rapid.  Plaintiffs reasonably relied upon the representations, made the investments and have suffered damages as a result thereof.  The Defendants representations were made with gross and reckless disregard for the rights of Plaintiffs.

4.16    Plaintiffs reasonably relied upon the representations of Defendants when investing their money in Rapid and are entitled to recover all losses resulting from Defendants misrepresentations.  These damages include, but are not limited to loss of their investment, lost profits, prejudgment and post judgment interest, costs and expenses of court, attorney's fees, and punitive damages.

Wherefore, Plaintiffs respectfully pray that the Defendants be served with summons and this Amended Complaint and that upon trial of this case a judgment be entered in favor of the

Plaintiffs in an amount in excess of $2 Million for their lost investment dollars, for all lost profit and other damages resulting from the Defendants' acts, prejudgment and postjudgment interest, costs and expenses of litigation, court costs, attorney's fees and punitive damages. Plaintiffs pray for all other relief to which they are entitled in this case.

    This, the 18th day of October, 2024.

Respectfully submitted,

LAMISS, LLC, MITCH RICHARD, DONALD ALLEN, HARRIET ALLEN HENRY, STEVEN CAMPO, AND LONNIE SHANNON MELTON

By: */s/ Michael A. Heilman*
    Michael A. Heilman

OF COUNSEL:
Michael A. Heilman (MSB No. 2223)
E. Taylor Polk (MSB No. 103653)
HEILMAN NISBETT POLK, P.A.
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914.1025
Facsimile: (601) 944.2915
mheilman@hnplawyers.com
tpolk@hnplawyers.com